UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AUBREY TAYLOR,<br><br>　　　　　　Defendant. | Case No. CR16-300RSL<br><br>ORDER DENYING EMERGENCY APPEAL FROM MAGISTRATE JUDGE'S DENIAL OF MOTION FOR TEMPORARY RELEASE |

This matter comes before the Court on defendant Aubrey Taylor's emergency appeal from the magistrate judge's order denying his motion for temporary release. Dkt. # 66. Mr. Taylor seeks a temporary release from the Federal Detention Center at SeaTac, secured by an appearance bond, so that he can attend memorial services for his grandmother in Tukwila, Washington, on Thursday, July 20, 2017. Having reviewed the parties' memoranda and attachments as well as the remainder of the record in this case,[1] the Court denies Mr. Taylor's motion for temporary release for the reasons that follow.

Under 18 U.S.C. § 3145(b), a person ordered detained by a magistrate judge may move for revocation or amendment of that order. A district court reviewing a magistrate judge's order

---

[1] In light of the multiple filings by the parties and the transcript of the hearing conducted by Chief U.S. Magistrate Judge James P. Donohue, the Court concludes that this motion can be decided on the record and denies Mr. Taylor's request for an additional hearing.

ORDER DENYING EMERGENCY APPEAL
FROM MAGISTRATE JUDGE'S DENIAL OF
MOTION FOR TEMPORARY RELEASE - 1

denying a motion for temporary pre-trial release applies a *de novo* standard of review, examining the evidence before the magistrate judge and any additional evidence proffered by the parties and making "its own independent determination whether the magistrate judge's findings are correct, with no deference."  United States v. Koenig, 912 F.2d 1190, 1191–93 (9th Cir. 1990).

In this case, Mr. Taylor requests a temporary release from the FDC to attend his grandmother's memorial services at 2:00 p.m. on Thursday, July 20, 2017, with the understanding that he would self-report back to the FDC that same day, following the memorial services.  Dkt. ## 58, 60.  The Court referred Mr. Taylor's motion to Chief U.S. Magistrate Judge James P. Donohue, who held a hearing on the motion on July 13, 2017, Dkt. ## 59, 65.  Judge Donohue reviewed Mr. Taylor's motion, a supplement to the motion, the government's response opposing the motion, and three reports from Pretrial Services.  Dkt. # 68 at 5–6.

In his supplemental filing, Dkt. # 60, Mr. Taylor outlined specific proposed conditions of temporary release, including location monitoring, accompaniment to and from the services by a longtime friend, no contact with alleged victims and potential witnesses in this case, and, consistent with the requirements of the Adam Walsh Act, no contact with anyone under the age of 18 without approval by Pretrial Services.  The government responded by pointing to the nature of the charges against Mr. Taylor, including sex trafficking of a minor, which carries a rebuttable presumption that Mr. Taylor poses both a flight risk and a danger to the community.  See 18 U.S.C. § 3142(e).  The government also summarized Mr. Taylor's criminal history, which includes a 2011 conviction for assault in the fourth degree.  Finally, the government cited evidence that Mr. Taylor had repeatedly violated court orders by contacting witnesses in cases against him, apparently with the aim of influencing their testimony.  Dkt. # 61.

The most recent Pretrial Services report detailed an instance from 2012 in which Mr. Taylor had violated conditions of supervised release by fleeing from police and absconding for over a year, and an instance from 2013 in which Mr. Taylor had violated conditions of

ORDER DENYING EMERGENCY APPEAL
FROM MAGISTRATE JUDGE'S DENIAL OF
MOTION FOR TEMPORARY RELEASE - 2

supervised release by assaulting his then-girlfriend.  The report also cited a recorded jail call in which Mr. Taylor allegedly indicated that he would have run from the police an additional time, but that he had been surrounded.  The report concluded that Mr. Taylor was a flight risk due to his history of failing to appear for court dates, absconding, and noncompliance on supervision, as well as a risk to the community due to his criminal history, his history of committing new offenses while on supervision, and the nature of the current alleged offense.

At the hearing before Judge Donohue, the parties reiterated these points.  Judge Donohue ultimately denied Mr. Taylor's motion for temporary release, citing Mr. Taylor's history of witness tampering and flight from law enforcement.  Dkt. # 68 at 27–28.

Reviewing the record independently, this Court reaches the same conclusion.  The Court expresses its sympathy for Mr. Taylor's loss, and acknowledges that attending this memorial service could help bring closure to Mr. Taylor.  But given Mr. Taylor's past violations of the terms of his supervised release – including absconding from law enforcement and assaulting his then-partner – and given Mr. Taylor's history of contacting witnesses in an attempt to prevent them from testifying against him, the Court finds that no conditions of release would be sufficient to mitigate the risk of witness tampering and flight, even during a temporary release of only a few hours.  Under the circumstances, Mr. Taylor's motion for temporary release must be denied.

DATED this 18th day of July, 2017.

Robert S. Lasnik
United States District Judge

ORDER DENYING EMERGENCY APPEAL
FROM MAGISTRATE JUDGE'S DENIAL OF
MOTION FOR TEMPORARY RELEASE - 3