UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

AUBREY TAYLOR,

    Defendant.

Case No. CR16-300RSL

DECISION ON APPEAL

This matter comes before the Court on an appeal, Dkt. # 80, of Magistrate Judge Mary Alice Theiler's denial of the defense's "Motion to Withdraw as Counsel and for Appointment of New Counsel," Dkt. # 74. For the reasons explained below, the appeal is DENIED.[1]

Defendant Aubrey Taylor is currently in custody facing federal sex-trafficking charges. Dkt. # 48. Mr. Taylor was arrested and charged less than a year ago, and has been repeatedly unsatisfied with his court-appointed counsel since then. His current attorney, Ms. Pai-Thompson, is his third court-appointed lawyer in less than a year. His first attorney withdrew because Mr. Taylor so distrusted him that the attorney-client relationship could not survive. About five months later, Mr. Taylor's second court-appointed attorney moved for, and was granted, leave to withdraw based on another breakdown of the attorney-client relationship.

---

[1] The Court finds that this matter can be decided on the papers submitted. The defense's request for oral argument is therefore DENIED.

DECISION ON APPEAL - 1

1  Roughly five months into Ms. Pai-Thompson's tenure, Mr. Taylor submits that the attorney-client relationship has irreparably broken down again. Mr. Taylor's unhappiness appears to stem from his belief that Ms. Pai-Thompson should have argued more forcefully at a temporary release hearing, from difficulties he has had obtaining discovery material, and from Ms. Pai-Thompson's disagreement with him on the wisdom of filing numerous pretrial motions.

Whether to substitute one appointed counsel for another depends on demonstrating a conflict so great that it has resulted in a total lack of communication and will prevent an adequate defense, United States v. Rogers, 769 F.2d 1418, 1423 (9th Cir. 1985), but "not every bump in the road entitles a criminal defendant to have his lawyer cashiered and a new one appointed," United States v. Myers, 294 F.3d 203, 206 (1st Cir. 2002). Indeed, the Supreme Court has "reject[ed] the claim that the Sixth Amendment guarantees a 'meaningful relationship' between an accused and his counsel." Morris v. Slappy, 461 U.S. 1, 14 (1983).

After hearing from Mr. Taylor and counsel, Magistrate Judge Theiler reasonably considered Mr. Taylor's dissatisfactions. She denied the motion to withdraw because she correctly found no conflict so serious that it warrants substitution of a fourth court-appointed attorney at public expense. If Mr. Taylor is not satisfied with Ms. Pai-Thompson or the legal and investigative team working on his defense, he has the option of waiving the right to appointed counsel and representing himself. See Fed. R. Crim. P. 44(a).

For the foregoing reasons, the appeal is DENIED.

DATED this 25th day of September, 2017.

*[signature]*
Robert S. Lasnik
United States District Judge