UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AUBREY TAYLOR,<br><br>Defendant. | Case No. CR16-300RSL<br><br>ORDER DENYING MOTION TO QUASH SUBPOENA AND DISMISS INDICTMENT |

This matter comes before the Court on defendant's "Motion for Order Quashing Grand Jury Subpoena and Dismissing Indictment for Prosecutorial Misuse of the Grand Jury." Dkt. # 113. The Court has considered the parties' memoranda, filings, and the remainder of the record. For the following reasons, the motion is DENIED.

Defendant Aubrey Taylor faces four counts of charges related to sex trafficking. The government recently served a grand jury subpoena on T.T., the mother of two of Mr. Taylor's children. Mr. Taylor asserts that the subpoena was improperly motivated—that is, he claims that the government subpoenaed T.T. to harass her, to pressure Mr. Taylor, or simply to use the grand jury for collecting more evidence on the counts he already faces. He moves to quash the subpoena and dismiss the indictment.

The Court is not persuaded that Mr. Taylor has standing to quash the subpoena. He cites no legitimate interest in quashing it, see United States v. Jenkins, 895 F. Supp. 1389, 1393 (D. Haw. 1995), and counsel for T.T. has not appeared or challenged the subpoena on her behalf. In addition, Mr. Taylor cites no evidence indicating the subpoena was issued for an improper

ORDER DENYING MOTION TO QUASH SUBPOENA AND DISMISS INDICTMENT - 1

purpose or that he is entitled to relief. See In re Grand Jury Proceedings, 586 F.2d 724, 725 (9th Cir. 1978) ("While it may be improper to call a grand jury witness [s]olely to prepare a previously-indicted case for trial, the government has every right to interrogate witnesses on subjects relevant to a pending indictment." (citation omitted)). Even if he could cite evidence of an improper purpose, he cites no authority that the appropriate remedy is to quash the subpoena or dismiss the indictment. If a defendant can show a grand jury subpoena was improperly motivated, a more appropriate remedy is seeking to suppress the evidence that the grand jury testimony yields. See, e.g., United States v. Leung, 40 F.3d 577, 581 (2d Cir. 1994).

For the foregoing reasons, the motion, Dkt. # 113, is DENIED.

DATED this 17th day of April, 2018.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge