The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> AUBREY TAYLOR, a/k/a "Uno", <br><br> Defendant. | NO. CR16-300 RSL <br><br> **AMENDED PROTECTIVE ORDER** |

This matter, having come to the Court's attention on the government's motion for entry of an amended discovery protective order, and the Court, having considered the motion, and being fully advised in this matter, hereby enters the following AMENDED PROTECTIVE ORDER:

**1.     Protected and Sensitive Material.**

    *A.     Protected Material.* The following documents and materials are deemed Protected Material:

        i.     Witness statements, including but not limited to reports of law enforcement officers memorializing witness statements; and

        ii.     The personal information related to victims and/or witnesses, and any statements and/or documents containing personal information related to any victims and/or witnesses. As used in this Order, the term "personal information" refers to each

AMENDED PROTECTIVE ORDER - 1
UNITED STATES v. TAYLOR/NO. CR16-300 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

victim and/or witnesses' date of birth, Social Security number (or other identification information), driver's license number, address, telephone number, location of residence or employment, school records, juvenile criminal records, and other confidential information. In addition, with respect to any victims in this case, the term "personal information" also includes the name and identity of each victim.

The United States will make available copies of the Protected Materials, including those filed under seal, to defense counsel to comply with the government's discovery obligations. Possession of copies of the Protected Materials is limited to the attorneys of record, and investigators, paralegals, law clerks, experts and assistants for the attorneys of record (hereinafter collectively referred to as "members of the defense team"):

The attorneys of record and members of the defense team may share and review the Protected Material with the Defendant. The attorneys of record and members of the defense team acknowledge that providing copies of the Protected Material to the Defendant and other persons is prohibited, and agree not to duplicate or provide copies of the Protected Material to the Defendant and other persons. The exception to this prohibition is the dissemination of electronic copies to the Federal Detention Center at SeaTac, Washington, for use in a controlled environment by Defendant, who is currently in custody there. The United States Attorney's Office for the Western District of Washington is prohibited from providing copies of the Protected Material to non-law enforcement witnesses or potential witnesses.

      B.    *Sensitive Material.* The following documents and materials are deemed Sensitive Material:

          i.    Grand Jury transcripts and exhibits;

          ii.    Medical records related to victims and/or witnesses; and

          iii.    Sexually suggestive photographs of victims and/or witnesses, including but not limited to photographs connected to online advertisements for prostitution.

AMENDED PROTECTIVE ORDER - 2
UNITED STATES v. TAYLOR/NO. CR16-300 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   Possession of Sensitive Material is limited to attorneys of record and members of
2  the defense team. The attorneys of record and members of the defense team may not
3  share or review the documents containing Sensitive Material, or any copies of any
4  documents containing Sensitive Material, in any manner with any other person, including
5  Defendant. This order, however, does not prohibit attorneys of record and members of
6  the defense team from discussing the contents of documents constituting Sensitive
7  Material with Defendant, as long as the attorneys of record and members of the defense
8  team do not share the documents or copies of the documents with Defendant or any other
9  person. The attorneys of record and members of the defense team shall keep any
10 documents containing Sensitive Material secured whenever the documents containing
11 Sensitive Material is not being used in furtherance of their work in the above captioned
12 case.
13   Additional discovery items may be deemed by the parties to constitute Protective
14 or Sensitive Material upon agreement.
15   Any violation of these prohibitions constitutes a violation of the Protective Order.
16 Further, the attorneys of record are required, prior to disseminating any copies of the
17 Protected or Sensitive Materials to members of the defense team, to provide a copy of
18 this Protective Order to members of the defense team, and obtain written consent by
19 members of the defense team of their acknowledgment to be bound by the terms and
20 conditions of this Protective Order. The written consent need not be disclosed or
21 produced to the United States unless requested by the Assistant United States Attorney
22 and ordered by the Court. Nothing in this order should be construed as imposing any
23 discovery obligations on the government that are different from those imposed by case
24 law and Rule 16 of the Federal Rules of Criminal Procedure.
25   **2.   Filing**
26   Any Protected or Sensitive Material that is filed with the Court in connection with
27 pre-trial motions, trial, or other matter before this Court, shall be filed under seal and
28 shall remain sealed until otherwise ordered by this Court. This does not entitle either

AMENDED PROTECTIVE ORDER - 3
UNITED STATES v. TAYLOR/NO. CR16-300 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

### 3. Nontermination

The provisions of this Order shall not terminate at the conclusion of this prosecution.

### 4. Violation of Any Terms of this Order

Any violation of any term or condition of this Order by the Defendant, his attorney(s) of record, any member of the defense team, or any attorney for the United States Attorney's Office for the Western District of Washington, may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

If the Defendant violates any term or condition of this Order, the United States reserves its right to seek a sentencing enhancement for obstruction of justice, or to file any criminal charges relating to the defendant's violation.

### 5. Right to Review

The parties agree that in the event that compliance with this Order makes it difficult for defense counsel to adhere to their Sixth Amendment obligations, or otherwise imposes an unworkable burden on counsel, defense counsel shall bring any concerns about the terms of the Order to the attention of the government. The parties shall then meet and confer with the intention of finding a mutually acceptable solution.

//
//

AMENDED PROTECTIVE ORDER - 4
UNITED STATES v. TAYLOR/NO. CR16-300 RSL

1  In the event that the parties cannot reach such a solution, defense counsel shall have the
2  right to bring any concerns about the scope or terms of the Order to the attention of the
3  Court.
4      The Clerk of the Court is directed to provide a filed copy of this Protective Order
5  to all counsel of record.
6      DATED this 10th day of May, 2018.

THE HONORABLE ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

Presented by:

s/ Catherine L. Crisham
CATHERINE L. CRISHAM
Assistant United States Attorney

AMENDED PROTECTIVE ORDER - 5
UNITED STATES v. TAYLOR/NO. CR16-300 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970