UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AUBREY TAYLOR,

    Defendant.

Case No. 2:16-CR-300-RSL

ORDER DENYING DEFENDANT'S MOTION FOR DISCLOSURE OF GOVERNMENT ACCESS TO ATTORNEY-CLIENT PRIVILEGED COMMUNICATIONS

This matter comes before the Court on defendant Aubrey Taylor's "Motion for Disclosure of Government Access to Attorney-Client Privileged Communications" ("the Motion"). Dkt. #134. Defendant requests an order "requiring the government to disclose any and all access it had to attorney-client privileged communications…" See Dkt. #134 at 1. Defendant does not provide much in the way of specifics, but the government's response clarifies that the Motion pertains to communications between defendant and defense counsel over the Bureau of Prisons' ("BOP") Trust Fund Limited Inmate Computer System ("TRULINCS"). Dkt. #138.

Defendant is currently detained at the Federal Detention Center-SeaTac ("the FDC"). Inmates are permitted to send and receive emails from inmate-specific accounts administered through TRULINCS. See id. at 2. In January 2018, the government requested and obtained a tranche of defendant's TRULINCS emails. See id. at 3. These were produced to the defense on

ORDER DENYING DEFENDANT'S MOTION FOR DISCLOSURE
OF GOVERNMENT ACCESS TO PRIVILEGED COMMUNICATIONS - 1

January 18, 2018. See Dkt. #138-2. On January 23, 2018, government counsel sent an email to defense counsel, explaining that she had "realized that [the] discovery included emails between [defense counsel] and [defendant]. [She] immediately stopped [her] review of the emails and asked that a taint attorney… be assigned to review the emails and identify any attorney/client communications." See id. She informed defense counsel that Lyndsie Schmalz had been assigned as the taint attorney, and would screen out privileged communications and work with a legal assistant to redact them. See id. It seems that defense counsel did not respond to this email. See Dkt. #138 at 4. More recent batches of defendant's emails were produced on June 27, 2018 and August 3, 2018. See id. The government has not yet reviewed the former, but found "at least one email between [defendant] and his counsel" in the latter. Id. Government counsel therefore immediately ceased review of the emails and commenced the same taint procedure for the August 2018 batch. See id. Defendant filed the Motion on August 2, 2018. Dkt. #134.

There is no basis for defendant's Motion, as defendant's TRULINCS emails are not privileged. "The party asserting the attorney-client privilege has the burden of establishing the relationship and privileged nature of the communication." United States v. Richey, 632 F.3d 559, 566 (9th Cir. 2011) (citing United States v. Bauer, 132 F.3d 504, 507 (9th Cir. 1997)). "Typically, an eight-part test determines whether information is covered by the attorney-client privilege: (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." United States v. Ruehle, 583 F.3d 600, 607 (9th Cir. 2009) (citing In re Grand Jury Investigation, 974 F.2d 1068, 1071 n. 2 (9th Cir. 1992)). In order to use the TRULINCS system, defendant had to sign the "Inmate Agreement for Participation in TRULINCS Electronic Messaging Program." In so doing, he consented to "having [his] messages and transactional data (incoming and outgoing) monitored, read, [and] retained by Bureau staff…" See Dkt. #138-1. The Agreement even specified that this included "messages both to and from [his] attorney or other legal representative, and that such messages

[would] not be treated as privileged communications." Defendant therefore did not make these communications "in confidence." Ruehle, 583 F.3d at 607. They are not protected by the attorney-client privilege.

Even so, far from "deliberate[ly] interfer[ing] with communications between a defendant and his counsel," Dkt. #134 at 3, government counsel immediately took steps to halt the review of the emails. See Dkt. #138 at 6. A taint attorney has been assigned to screen out those communications and redact them. See Dkt. #138-2. The Motion is entirely unwarranted.

For all the foregoing reasons, defendant's motion is DENIED.

DATED this 6th day of December, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S MOTION FOR DISCLOSURE
OF GOVERNMENT ACCESS TO PRIVILEGED COMMUNICATIONS - 3