UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AUBREY TAYLOR,<br><br>Defendant. | Case No. 2:16-CR-300-RSL<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE FOR SPEEDY TRIAL ACT VIOLATIONS |

This matter comes before the Court on defendant Aubrey Taylor's "Motion to Dismiss with Prejudice for Speedy Trial Act Violations." Dkt. #178.

## **BACKGROUND**

On May 4, 2016, United States Magistrate Judge Mary Alice Theiler signed a complaint charging defendant with one count of Sex Trafficking of a Juvenile under 18 U.S.C. § 1591(a)(1) and (b)(2). Dkt. #1. A federal arrest warrant was issued on the same date. Dkt. #2. At the time, defendant had two additional criminal cases pending against him in the Kent Municipal Court, Case No. K108330FV ("the Kent Case"), and the King County Superior Court, Case No. 15-1-07142-KNT ("the King County Case"). The Kent Case arose out of his assault of DK on October 6, 2015. Dkt. #201 at 2. A no contact order was issued in that case. Dkt. #202 (Declaration of Detective Lovisa Dvorak) at ¶4. Defendant violated it on April 26 and April 27, 2016, by calling DK. Id. On June 15, 2016, the Kent Police Department ("KPD") located

ORDER DENYING DEFENDANT'S MOTION TO
DISMISS FOR SPEEDY TRIAL ACT VIOLATIONS - 1

defendant at a hotel in Kent with DK. They executed a probable cause arrest of defendant, although the no contact order was no longer in place at the time. Id. at ¶¶ 4-5.

During the arrest, defendant was bitten by a K9 unit, and transported to the University of Washington Valley Medical Center for treatment. Ex. A, Dkt. #179 at 1-6. Detective Lovisa Dvorak and FBI Special Agent Sara Blond interviewed defendant about the no contact order violations and the federal sex trafficking investigation. Defendant admitted to calling DK in April. Dkt. #202 at ¶6. Defendant was then booked into the City of Kent Jail on the no contact order violations. Dkt. #203 (Declaration of Michael D. Armstrong) at ¶3; Dkt. #205 (Declaration of Tami Perdue) at ¶2. By September 13, 2016, all charges in the Kent Case were dismissed due to DK's non-cooperation. Dkt. #205 at ¶¶ 2, 5. Defendant was then transported to the Maleng Regional Justice Center ("RJC"). Dkt. #203 at ¶4. When the King County Case was dismissed on October 14, 2016, the FBI executed the federal arrest warrant and took defendant into federal custody. Dkt. #204 at ¶5; see Ex. D, Dkt. #179 at 8. On November 2, 2016, defendant was indicted for one count of Conspiracy to Engage in Sex Trafficking of a Minor and one count of Sex Trafficking of a Minor. Dkt. #16. He was arraigned on November 10, 2016, and trial was set for January 9, 2017. Dkt. #20.

On November 29, 2016, the Court granted defense counsel Gregory Geist's motion to withdraw. Dkt. #28. Defendant's second attorney, Sean P. Gillespie, filed a motion to continue the trial date on December 16, 2016. Dkt. #31. Defendant also filed a waiver of his right to a speedy trial. Dkt. #32; see 18 U.S.C. § 3161 *et seq*. The Court continued the trial date to June 19, 2017 and excluded the period between December 16, 2016 and June 19, 2017 pursuant to 18 U.S.C. § 3161(h)(7)(A). Dkt. #33. Defense counsel filed a second motion to continue the trial date without defendant's consent on April 7, 2017, see Dkt. #38; Dkt. #39, and a motion to withdraw on April 27, 2017. Dkt. #42. The Court granted leave to withdraw on May 2, 2017. Dkt. #47. A Superseding Indictment was issued on May 3, 2017. Dkt. #48. Defendant's third attorney, Vanessa Pai-Thompson, was appointed on May 4, 2017. Dkt. #51. She filed a motion

ORDER DENYING DEFENDANT'S MOTION TO
DISMISS FOR SPEEDY TRIAL ACT VIOLATIONS - 2

to continue the trial date on June 8, 2017. Dkt. #54. Defendant declined to waive his right to a speedy trial. Dkt. #56. The Court found that "the ends of justice [would] be best served by ordering a continuance in [the] case, and the ends of justice outweigh[ed] the best interests of the public and the defendant in any speedier trial as set forth in 18 U.S.C. § 3161(h)(7)." Dkt. #57. The trial date was continued to January 22, 2018, and the period between June 19, 2017 and January 22, 2018 was excluded. Id.

Defense counsel filed a motion to withdraw on September 11, 2017. Dkt. #74. This was denied on September 19, 2017. Dkt. #79. Defendant then filed a notice of his desire to proceed *pro se* on October 27, 2017. Dkt. #89. On November 7, 2017, the Court denied the request to proceed *pro se* but granted the motion to withdraw. Dkt. #94. Current defense counsel was appointed on November 8, 2017. Dkt. #101. Defendant filed a waiver of his right to a speedy trial and a motion to continue the trial date on November 27, 2017. Dkt. #95; Dkt. #96. On December 6, 2017, the Court continued the trial date to June 4, 2018, and excluded the period between January 22, 2018 and June 30, 2018. Dkt. #97.

A Second Superseding Indictment was issued on February 7, 2018. Dkt. #98. Defendant then filed another waiver of his right to a speedy trial and a motion to continue the trial date on March 29, 2018. Dkt. #110; Dkt. #112. On April 12, 2018, the Court continued the trial date to October 29, 2018, and excluded the period between June 4, 2018 and November 2, 2018. Dkt. #116. Finally, on September 14, 2018, defendant filed another waiver of his right to a speedy trial and a motion to continue the trial date. Dkt. #157; Dkt. #158. On September 20, 2018, the Court continued the trial date to February 19, 2019, and excluded the period between October 29, 2018 and March 8, 2019. Dkt. #159. Trial has been set for February 25, 2019. Dkt. #226.

Defendant requests that the Second Superseding Indictment be dismissed for violations of the Speedy Trial Act. Dkt. #178. He alleges that the government failed to seek an indictment within 30 days of his arrest and failed to bring him to trial within 70 days of the arraignment.

ORDER DENYING DEFENDANT'S MOTION TO
DISMISS FOR SPEEDY TRIAL ACT VIOLATIONS - 3

## DISCUSSION

### A. Defendant's Right to a Speedy Indictment

Under the Speedy Trial Act, "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). However, only a federal arrest triggers the thirty-day time period. United States v. Benitez, 34 F.3d 1489, 1493 (9th Cir. 1994) (citing United States v. Manuel, 706 F.2d 908, 914-15 (9th Cir. 1983)). The involvement of FBI agents in an investigation or the questioning of a defendant by federal agents after an arrest does not convert a state arrest into a federal one. Manuel, 706 F.2d at 915. However, "Speedy Trial Act time periods may be triggered by state detentions that are merely a ruse to detain the defendant solely for the purpose of bypassing the requirements of the Act." Benitez, 34 F.3d at 1494 (citing United States v. Cepeda-Luna, 989 F.2d 353, 357 (9th Cir. 1993)). The Act "would lose all force if federal criminal authorities could arrange with state authorities to have the state authorities detain a defendant until federal authorities are ready to file criminal charges." Id.

Defendant argues that his arrest in June 2016 was a federal arrest. In support of that allegation, he states that the arrest was based in part on a federal arrest warrant, that he was interrogated after the arrest by a federal law enforcement officer about the federal sex trafficking investigation, and that the federal government arranged with state authorities to have him detained in state custody until it was ready to file charges. See Dkt. #178 at 7-8. He points out that Special Agent Blond sent a text message to HS's father after the arrest on June 16, 2016 that stated, "… [W]e arrested [defendant] last night on federal sex trafficking charges. He has a quick local charge to face, and then he will move into fed[eral] custody, hopefully tomorrow." Ex. F, Dkt. #192 at 5. He alleges that the Kent City Jail's records reveal that the charge at the time of his booking was "procure for prostitute who is a minor." Dkt. #218; see Ex. A, Dkt. #217-1 at 2. He also points out that an FBI Operation Plan drawn up for his arrest refers to the

ORDER DENYING DEFENDANT'S MOTION TO
DISMISS FOR SPEEDY TRIAL ACT VIOLATIONS - 4

federal arrest warrant. Ex. B, Dkt. #217-1 at 13, 15-16. Alternatively, he argues that he was detained pursuant to federal charges from September 2016 onward in the RJC after the charges in the Kent Case were dismissed. Dkt. #178 at 8. He alleges that the federal government refused to arrest him when he was released because a bench warrant had been issued in the King County Case for his failure to appear in court on June 30, 2016, even though he was incarcerated at the time. Dkt. #191 at 1-2. He was transported to the RJC pursuant to that warrant. See Ex. E, Dkt. #191-1 at 4.

The Speedy Trial Act's time period was triggered only by the federal arrest on October 10, 2016. First, defendant was not arrested on a federal warrant on June 15, 2016. Detective Dvorak and Agent Blond testified that he was arrested for violations of the no contact order issued in the Kent Case. See Dkt. 202 at ¶¶ 4-5; Dkt. #204 at ¶¶ 3-4. As Sergeant Armstrong explained in his testimony, it is not possible for the Kent City Jail to book a defendant on a federal warrant. At the time of his arrest, all the pending charges against him were entered into the Jail's Correctional Management System ("CMS"). The screenshots to which defendant refers pertain to the federal charge. Ex. A, Dkt. #217-1 at 2-3. But he was arrested on violations of the no contact order in the Kent Case, which can be viewed by navigating through the various charges displayed on the screen. See Dkt. #203 at ¶¶ 2-3; Dkt. #220 at 2; Ex. B, Dkt. #220-2.

Agent Blond testified that the FBI Operation Plan was drawn up to authorize her presence on the scene. See Ex. B, Dkt. #217-1. The federal arrest warrant was mentioned, but the purpose of the operation was not to execute it. See id. Had that been the case, more agents would have been involved, and defendant would have been arrested earlier in the day so that he could be brought to federal court. She also testified that she sent the text message to HS's father to reassure him that defendant was in custody. She did not want to get into the nuance of the various charges against him. Detective Dvorak testified that defendant was interrogated about his violations of the no contact order after his arrest in addition to the federal sex trafficking investigation. The latter took longer because defendant admitted to his violations of the no

ORDER DENYING DEFENDANT'S MOTION TO
DISMISS FOR SPEEDY TRIAL ACT VIOLATIONS - 5

contact order. See Dkt. #202 at ¶¶ 5-6. Finally, a report from the National Crime Information Center shows that defendant was arrested on state charges on June 15, 2016, and on federal charges on October 14, 2016. Dkt. #220 at 1; Dkt. #220-1.

Second, defendant's detention in state custody was not a ruse. Benitez, 34 F.2d at 1494. He was detained in Kent City Jail between June 15, 2016 and September 13, 2016 while Tami Perdue, the Chief Prosecuting Attorney in the Criminal Division of the Law Department in the City of Kent, pursued the domestic violence-related charges against him. See Dkt. #205. She intended to do everything possible to obtain convictions on those charges and was not merely buying time for the federal case. Id. They were ultimately dismissed on September 13, 2016, due to DK's non-cooperation. Id. Defendant was then transported to the RJC, where he remained in state custody between September 13, 2016 and October 10, 2016. As defendant concedes, a bench warrant had been issued in the King County Case. Dkt. #191 at 1-2. Sergeant Armstrong testified that it is the policy of the City of Kent Jail to release a prisoner to the state or local jurisdiction with pending charges against the prisoner first, even when there is a federal charge pending. This ensures that the prisoner has no pending state or local charges when he or she is taken into federal custody. See Dkt. #203 at ¶¶ 5-6. Furthermore, he testified that there was no record of the FBI refusing to take defendant into custody. That refusal would have been documented had it occurred. See id. at ¶7. Agent Blond testified that she was not involved in the decision to transport defendant to the RJC. See Dkt. #204 at ¶¶ 4-5.

Defendant was indicted on November 2, 2016, nineteen days after his federal arrest. Dkt. #16. There was no violation of his right to a speedy indictment. See 18 U.S.C. § 3161(b).

**B. Defendant's Right to a Speedy Trial**

The Speedy Trial Act states that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment." 18 U.S.C. § 3161(c)(1). Defendant was arraigned on November 10,

2016. Dkt. #20. His trial is set to begin on February 25, 2019. Dkt. #226. He alleges that the various periods of delay were not properly excluded from the computation of time between his indictment and his trial. Dkt. #178 at 9. He argues that he did not consent to them, that they were necessitated by factors outside of his control, and that he has been significantly prejudiced by the delay. Id. at 9-10.

A total of five[1] motions to continue the trial date were filed by four different attorneys. See Dkt. #32; Dkt. #54; Dkt. #96; Dkt. #112; Dkt. #158. Defendant filed a waiver of his right to a speedy trial for four of them, see Dkt. #32; Dkt. #95; Dkt. #110; Dkt. #157, which accounts for the period of time excluded between December 16, 2016 and June 19, 2017, and between January 22, 2018 and March 8, 2019, allowing trial to commence on February 25, 2019. In the only motion to continue the trial date to which defendant did not consent, see Dkt. #54, the Court found that this case "is so complex due to the nature of the charges, number of complainants, and volume of discovery, that it would be unreasonable to expect counsel to be prepared within the timeframe set by the current trial date and 18 U.S.C. § 3161." Dkt. #57 at 2. The Court concluded that, "[n]otwithstanding defendant's refusal to sign a speedy trial waiver, the ends of justice will be best served by ordering a continuance in this case, and the ends of justice outweigh the best interests of the public and the defendant in any speedier trial as set forth in 18 U.S.C. § 3161(h)(7)." Id. Furthermore, there is no merit to defendant's contention that he was compelled to waive his rights in September 2017 due to the government's failure to produce HS's iPod. Dkt. #178 at 10. The Court has already rejected this argument. See Dkt. #167 at 6-7.

---

[1] Defendant's second attorney, Mr. Gillespie, filed a motion to continue the trial date without defendant's consent on April 7, 2017, see Dkt. #39, and a motion to withdraw on April 27, 2017. Dkt. #42. The Court granted leave to withdraw on May 2, 2017, see Dkt. #47, and new counsel was appointed on May 4, 2017. Dkt. #51. Mr. Gillespie's motion to continue the trial date was therefore terminated on June 20, 2017.

ORDER DENYING DEFENDANT'S MOTION TO
DISMISS FOR SPEEDY TRIAL ACT VIOLATIONS - 7

All of the periods of delay were properly excluded. There was no violation of defendant's right to a speedy trial. See 18 U.S.C. § 3161(c)(1).

For all the foregoing reasons, defendant's motion is DENIED.

DATED this 15th day of February, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO
DISMISS FOR SPEEDY TRIAL ACT VIOLATIONS - 8