# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> AUBREY TAYLOR, <br><br> Defendant. | Case No. 2:16-CR-300-RSL <br><br> ORDER DENYING DEFENDANT'S MOTION TO SEVER COUNTS 1 AND 2 FROM COUNTS 3 THROUGH 5 |

This matter comes before the Court on defendant Aubrey Taylor's "Motion to Sever Counts 1 and 2 from Counts 3 Through 5." Dkt. #175.

## BACKGROUND

On November 2, 2016, a grand jury returned an indictment charging defendant with one count of Conspiracy to Engage in Sex Trafficking of a Minor (JF1) and one count of Sex Trafficking of a Minor (JF1), in violation of 18 U.S.C. § 1591. Dkt. #98. A Superseding Indictment was returned on May 3, 2017, charging defendant with two additional counts of Sex Trafficking of AF1 by Force, Fraud and Coercion and Sex Trafficking of AF2 by Force, Fraud and Coercion in violation of 18 U.S.C. § 1591. Dkt. #48. A Second Superseding Indictment ("SSI") was returned on February 7, 2018, charging defendant with one additional count of Sex Trafficking of AF3 by Force, Fraud and Coercion in violation of 18 U.S.C. § 1591. Dkt. #98.

ORDER DENYING DEFENDANT'S MOTION TO SEVER
COUNTS 1 AND 2 FROM COUNTS 3 THROUGH 5 - 1

Defendant requests that Counts 1 and 2 of the SSI pertaining to the alleged minor victim be severed from Counts 3 through 5. Dkt. #175. He argues that Counts 1 and 2 are misjoined, as the SSI fails to include any allegations that connect them to Counts 3-5. In the alternative, he argues that the Court should sever Counts 1 and 2 to avoid prejudice to him.

## DISCUSSION

**A. Joinder of Counts 1-2 and Counts 3-5**

An indictment may charge a defendant in separate counts with two or more offenses if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Joinder is the rule rather than the exception. United States v. Armstrong, 621 F.2d 951, 954 (9th Cir. 1980) (citing United States v. Brashier, 548 F.2d 1315, 1323 (9th Cir. 1976), cert. denied, 429 U.S. 1111 (1977)). "The validity of the joinder is determined solely by the allegations in the indictment." United States v. Jawara, 474 F.3d 565, 572 (9th Cir. 2007) (quoting United States v. Terry, 911 F.2d 272, 276 (9th Cir. 1990)).

The government argues that joinder is proper because all five Counts in the SSI relate to a common scheme or plan to engage in sex trafficking. Dkt. #194 at 5. The Ninth Circuit has held that the phrase "common scheme or plan" is "self-defining," and that joinder is generally permissible where the counts "grow out of related transactions." Jawara, 474 F.3d at 574 (quoting United States v. Randazzo, 80 F.3d 623, 627 (1st Cir. 1996)). The Court considers whether commission of one of the offenses depended upon or necessarily led to the commission of the other, or whether proof of the one act either constituted or depended upon proof of the other. Id. (citing United States v. Halper, 590 F.2d 422, 429 (2d Cir. 1978)).

The SSI charges defendant with the sex trafficking of one minor and three adult females through force, fraud and coercion under 18 U.S.C. § 1591(a)(1) and (b)(1). Dkt. #98. The picture that emerges is of a common scheme to "recruit, entice, harbor, transport, provide, obtain, and

maintain" women in the King County area between 2011 and 2016 by any means "knowing that force, fraud, and coercion, and any combination of such means would be used" to cause them to engage in commercial sex acts. Id. This is more than a mere "thematic similarity." Jawara, 474 F.3d at 574. The Counts were properly joined as a common scheme or plan.

The Counts were also properly joined as being of the same or similar character. See Fed. R. Crim. P. 8(a). They span similar time frames between 2011 and 2016. They all pertain to the same geographic location, namely, King County. See Jawara, 474 F.3d at 578 ("We consider it appropriate to consider factors such as the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims in assessing whether an indictment meets the "same or similar character" prong of Rule 8(a)."); see also United States v. Prigge, 830 F.3d 1094, 1098 (9th Cir. 2016). The SSI alleges violations of the same statute, 18 U.S.C. § 1591, that require proof of largely the same elements. Jawara, 474 F.3d at 578. The only differences are that Count 1 charges defendant with a conspiracy to engage in the sex trafficking of JF1 and Counts 1 and 2 pertain to a minor female rather than an adult female. See Dkt. #175 at 6-7. Joinder was proper. See United States v. Drummondo-Farias, 622 F. App'x 616, (Mem) 617 (9th Cir. 2015).

### B. Unfair Prejudice to Defendant

If the joinder of offenses in an indictment appears to prejudice a defendant, the court may order separate trials of counts, or provide any other relief that justice requires. Fed. R. Crim. P. 14(a). "Even if joinder is permissible under Rule 8, a party who feels prejudiced by joinder may move to sever pursuant to Rule 14." Jawara, 474 F.3d at 572 (quoting United States v. Smith, 795 F.2d 841, 850 (9th Cir. 1986), cert. denied, 481 U.S. 1032 (1987)). The Rule sets a high standard for a showing of prejudice. United States v. Vasquez-Velasco, 15 F.3d 833, 845 (9th Cir. 1994). Defendant alleges that he will be prejudiced by facing trial on the charges related to

the alleged adult victims at the same time as the charges related to the alleged minor victim, because allegations of crimes against children are inherently inflammatory. Dkt. #175 at 10.

Joint trials "conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial." United States v. Lane, 474 U.S. 438, 449 (1986) (quoting Bruton v. United States, 391 U.S. 123 (1968)). The government argues that evidence relating to the trafficking of the adult females as alleged in Counts 3 through 5 would in any case be admissible in a trial on Counts 1 and 2, pursuant to Federal Rule of Evidence 404(a) and (b). Dkt. #12 at 12-15. This mitigates any potential risk of prejudice from the joinder. In any event, any prejudice can also be cured by less drastic measures, including limiting jury instructions. Zafiro v. United States, 506 U.S. 534, 539 (1993); see United States v. Delay, No. CR15-175RSL, 2017 WL 3977335, at *2 (W.D. Wash. Sept. 11, 2017).

For all the foregoing reasons, defendant's motion is DENIED.

DATED this 15th day of February, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge