# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AUBREY TAYLOR,<br><br>　　　　　Defendant. | Case No. 2:16-CR-300-RSL<br><br>ORDER DENYING MOTION FOR ORDER TO CONTINUE SENTENCING DATE AND MOTION FOR ORDER GRANTING LEAVE TO WITHDRAW |

　　　This matter comes before the Court on defendant Aubrey Taylor's "Motion for Order Continuing Sentencing Date," Dkt. #315, and defense counsel's "Motion for Order Granting Leave to Withdraw." Dkt. #319.

　　　On March 6, 2019, defendant was found guilty of one count of Conspiracy to Engage in Sex Trafficking of a Minor, one count of Sex Trafficking of a Minor through Force, Fraud, and Coercion, and three counts of Sex Trafficking of an Adult by Force, Fraud, and Coercion. Dkt. #302; see 18 U.S.C. § 1591. His sentencing was set for May 21, 2019. Dkt. #299.

　　　Defendant filed a pro se motion for a new trial on March 25, 2019. Dkt. #310. As defendant was still represented by counsel, the Court struck defendant's motion for a new trial. Dkt. #313. Defendant now requests a continuance in his sentencing date from May 21, 2019 to a date in late November to mid-December 2019, so that he "can file post-trial motions and have them heard and resolved by the Court prior to sentencing." Dkt. #315 at 1. Specifically,

ORDER DENYING MOTION FOR ORDER TO
CONTINUE SENTENCING DATE AND MOTION
FOR ORDER GRANTING LEAVE TO WITHDRAW - 1

defendant wants to file another motion for a new trial addressing issues including ineffective assistance of counsel, Napue violations, perjury before the grand jury, improper testimony by a government witness, impermissible vouching, withheld impeachment material for multiple government witnesses, perjury at trial by government witnesses, pretrial prosecutorial misconduct and improper closing argument by the government. Id. at 2; see Napue v. People of State of Ill., 360 U.S. 264, 269 (1959). Defense counsel requests leave to withdraw based on defendant's ineffective assistance of counsel claim. Dkt. #320 at ¶¶ 4–6.

As the government points out, any motion for a new trial filed by defendant would be untimely. Fed. R. Crim. P. 33; see Dkt. #317. Defendant argues that the Federal Bureau of Prisons will likely designate a facility far from this district for service of his sentence and his "ability to litigate his post-trial motions and to consult with counsel will be difficult at best." Dkt. #318 at 2. However, the Court has already rejected many of these arguments in defendant's pretrial motions. See Dkt. #167; Dkt. #236. Defendant is not entitled to a continuance in his sentencing date. After sentencing, defense counsel will be permitted to withdraw upon filing the necessary notice of appeal and securing new counsel to prosecute the appeal.

For all the foregoing reasons, defendant's motion for an order continuing his sentencing date, Dkt. #315, and defense counsel's motion for leave to withdraw, Dkt. #319, are DENIED.

DATED this 15th day of May, 2019.

Robert S. Lasnik
United States District Judge