UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>AUBREY TAYLOR,<br><br>　　　　　　　Defendant. | Case No. CR16-300RSL<br><br>ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL |

This matter comes before the Court on defendant's "Motion for New Trial." Dkt. #411.[1] The Court DENIES defendant's motion for the following reasons.

Federal Rule of Criminal Procedure ("Rule") 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). However, "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty," and "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b). Because defendant brings this motion more than one year after the entry of the verdict on March 6, 2019, see Dkt. #302, the only timely basis for defendant's motion is "newly discovered evidence."

---

[1] See also Taylor v. United States, No. C20-999, at Dkt. #7 (Order of Dismissal).

ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL - 1

1      As an initial matter, defendant's direct appeal of the judgment in this case is currently pending before the Ninth Circuit. See Dkts. #332, 351. Accordingly, this Court has jurisdiction to deny, but not to grant defendant's instant Rule 33 motion. See Fed. R. Crim. P. 33(b)(1) ("If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case."); see also United States v. Cronic, 466 U.S. 648, 667 n.42 (1984) ("The District Court ha[s] jurisdiction to entertain the [Rule 33] motion and either deny the motion on its merits, or certify its intention to grant the motion to the Court of Appeals, which could entertain a motion to remand the case." (citations omitted)).

      The government argues that defendant's motion does not allege newly discovered evidence. See Dkt. #413 at 3. The Court agrees. Defendant moves for a new trial based on alleged Brady violations by the government, Dkt. #411 at 3-13, prosecutorial misconduct, id. at 15-44, "false force, fraud and coercion allegations of H.S.," id. at 45-58, affidavit falsehoods by case agents and falsehoods in the government's sentencing memo, id. at 59-61, grand jury perjury, id. at 63-74, "abuse of the grand jury conclusion," id. at 75-76, "conviction for reckless disregard must be vacated," id. at 77-78, and "the Court's supervisory powers," id. at 79. As the government notes, defendant "rehashes arguments that were previously raised before and rejected by this court during the pre-trial motions practice," Dkt. #413 at 3 (citing Dkts. #126, 133, 167, 187, 236), and criticizes the government's presentation of evidence and strategy during trial. Because defendant has not pointed to any newly discovered evidence, his motion for a new trial is untimely. See Fed. R. Crim. P. 33. Accordingly, defendant's motion (Dkt. #411) is DENIED.

      IT IS SO ORDERED.

DATED this 18th day of September, 2020.

*Robert S. Lasnik (signature)*
Robert S. Lasnik
United States District Judge