UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AUBREY TAYLOR,<br><br>Defendant. | Case No. CR16-300RSL<br><br>ORDER DENYING<br>DEFENDANT'S MOTION<br>FOR RECONSIDERATION |

This matter comes before the Court on defendant's "Motion Requesting Reconsideration of Order Denying Defendant[']s Motion for New Trial."[1] Dkt. # 417. Defendant also supplemented his motion after learning of the Ninth Circuit's decision vacating his convictions on two counts, while affirming his convictions on the other three counts. Dkt. # 418. Motions for reconsideration are disfavored in this District and will ordinarily be denied absent "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." See LCrR 12(b)(10). The Court, having reviewed defendant's motion, finds he has not met this burden.

---

[1] Defendant comments that the Court's "Order Denying Defendant's Motion for New Trial," Dkt. # 414, was "allegedly" returned to the Court as undeliverable to him, Dkt. # 417 at 2. It is unclear why the mail was reported as undeliverable. See Dkt. # 415. In any event, defendant's motion for reconsideration indicates that he apparently received the order. See Dkt. # 417 (referring to the order's reasoning that defendant's earlier motion failed to present newly discovered evidence).

ORDER DENYING MOTION FOR RECONSIDERATION - 1

In defendant's initial motion requesting reconsideration, he asserts that the Court improperly denied his earlier motion for a new trial, and he cites Mitchell v. United States, 368 U.S. 439 (1962) (per curiam) in support of his position. Defendant cited Mitchell in his earlier motion as well, Dkt. # 411 at 2, but defendant's reliance upon Mitchell is misplaced. Defendant contends that Mitchell "clearly states false testimony or perjured testimony presented at a defendant's trial is to be treated as newly discovered evidence in accordance with Rule 33." Dkt. # 417 at 1. In reality, Mitchell represents a very brief per curiam opinion, set forward below:

> The motion for leave to proceed in forma pauperis and the petition for a writ of certiorari, which presents the question whether materially false testimony was used against petitioner at the trial, are granted, the judgment of the Court of Appeals is vacated, and the case is remanded to the District Court for a hearing upon petitioner's motion, treated as a motion for a new trial on the ground of newly discovered evidence. Cf. Mesarosh v. United States, 352 U.S. 1, 77 S.Ct. 1, 1 L.Ed.2d 1. We, of course, intimate no view upon the merits of the motion.

Mitchell, 368 U.S. at 439. The Supreme Court merely treated a motion that had been labeled as seeking one type of relief—but substantively represented a motion aligned with another type relief—consistent with its substance; the motion's label was not determinative. See id. Moreover, the Supreme Court explicitly "intimate[d] no view" on the motion's merits. Id. Contrary to defendant's assertion, Mitchell does not justify reconsideration.

Additionally, in defendant's initial motion requesting reconsideration, he shares his belief that his earlier motion "clearly demonstrates" the use of perjured testimony at his trial and that the government knew the testimony was false prior to trial. Dkt. # 417 at 1. Defendant did not, however, point to any new facts or legal authority that would support reconsideration, and defendant's mere confidence in his earlier motion has not convinced this Court of any manifest error in its previous ruling.

ORDER DENYING MOTION FOR RECONSIDERATION - 2

In defendant's supplement, he points to new legal authority in the form of the Ninth Circuit's decision to vacate his convictions on two counts: one count of conspiracy to engage in sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1) and 1594(c), and one count of sex trafficking of a minor through force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a)(1), (b)(1), and (b)(2). See Dkts. # 418, # 416. In short, defendant believes that "in making a decision to suppress all evidence that derives or support's [sic] counts 1 and 2, the court will have a sufficient basis" to grant defendant's earlier motion. Dkt. # 418 at 2. Defendant, however, appears to misunderstand the effect of the Ninth Circuit's ruling upon which he relies. The Ninth Circuit did not determine that all of the evidence associated with counts one and two should be suppressed. Rather, the Ninth Circuit concluded only that the contents of defendant's cell phone should have been suppressed and that this error was not harmless beyond a reasonable doubt with respect to counts one and two. Dkt. # 416 at 2. The Ninth Circuit affirmed defendant's convictions on counts three through five, Dkt. # 416 at 4, thereby reflecting its conclusion that the error did not undermine the validity of those convictions. The Ninth Circuit's decision does not demonstrate that this Court's previous ruling denying defendant a new trial was in error, and defendant has not met his burden for reconsideration under the Local Rules. See LCrR 12.

For all of the foregoing reasons, defendant's motion for reconsideration, Dkt. # 417, is DENIED.

ORDER DENYING MOTION FOR RECONSIDERATION - 3

1 | DATED this 10th day of December, 2020.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION - 4