UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AUBREY TAYLOR,<br><br>Defendant. | Case No. CR16-300-RSL<br><br>ORDER DENYING MOTION FOR NEW TRIAL OR DISMISSAL OF INDICTMENT |

This matter comes before the Court on defendant's "Amended Motion to Dismiss Indictment or, in the Alternative, for a New Trial" (Dkt. # 434). The Court also considers defendant's related "Request to Treat Rule 33 Motion as Newly Discovered Evidence Motion Under Fed. Rules of Criminal Procedure 33(b)(2) not (b)(1)" (Dkt. # 424), "Motion for Order Requiring Production of Specific Evidence" (Dkt. # 433), and "Motion for Order Authorizing Filing of Overlength Brief" (Dkt. # 435). Having considered the submissions of the parties and the remainder of the record, the Court finds as follows:

I.  **Background**

On March 6, 2019, a jury convicted defendant of one count of conspiracy to engage in sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1) and 1594(c) (Count One); one count of sex trafficking of a minor through force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a)(1), (b)(1), and (b)(2) (Count Two); and three counts of sex trafficking of an adult by force, fraud, or coercion in violation of 18 U.S.C. § 1591(a)(1) and (b)(1) (Counts Three, Four, and Five). Dkt. # 302. On November 4, 2020, the Ninth Circuit vacated defendant's

ORDER DENYING MOTION FOR NEW TRIAL OR
DISMISSAL OF INDICTMENT - 1

convictions on Counts One and Two. *See United States v. Taylor*, 828 F. App'x 491, 492 (9th Cir. 2020). The Ninth Circuit concluded that the Court erred when it denied defendant's motion to suppress the contents of his cell phone given the government's 14-month delay in obtaining a warrant to search the phone. This error was not harmless beyond a reasonable doubt as to Counts One and Two because the government repeatedly emphasized a text message defendant sent to argue that defendant knew or recklessly disregarded the minor victim's age, and other evidence to this point was fairly weak. *Id.* The Ninth Circuit, however, upheld defendant's convictions on Counts Three, Four, and Five. *Id.* Defendant now challenges these convictions.

This is not defendant's first motion for a new trial. Defendant first filed a *pro se* motion for a new trial on March 25, 2019, which the Court struck. *See* Dkts. # 310, # 313. Defendant filed his second motion on August 11, 2020, which the Court denied. *See* Dkts. # 411, # 414. The Court also denied defendant's November 16, 2020 motion for reconsideration of that motion. *See* Dkts. # 417, # 421.

**II.    *Pro Se* Motion**

Defendant filed his Request to Treat Rule 33 Motion as Newly Discovered Evidence Motion (Dkt. # 424) *pro se* although he was represented by counsel at the time. Hybrid representation of this sort is impermissible pursuant to the applicable local court rule:

> When a party is represented by an attorney of record in a case, the party cannot appear or act on his or her own behalf in that case, or take any step therein, until after the party requests by motion to proceed on his or her own behalf, certifies in the motion that he or she has provided copies of the motion to his or her current counsel and to the opposing party, and is granted an order of substitution by the court terminating the party's attorney as counsel and substituting the party in to proceed *pro se*; provided, that the court may in its discretion hear a party in open court, notwithstanding the fact that he or she is represented by an attorney.

Local Rules W.D. Wash. LCR 83.2(b)(5); *see also* Local Rules W.D. Wash. CrR 1(a) (indicating that LCR 83.2(b) applies to criminal matters). Because defendant contravened the local court rules, the Court strikes defendant's *pro se* motion (Dkt. # 424).

### III. Motion to File Overlength

Defendant's Motion for Order Authorizing Filing of Overlength Brief (Dkt. # 435) is granted. Defendant may file a 47-page brief.

### IV. Motion for Order Requiring Production of Specific Evidence

Defendant's discovery motion (Dkt. # 433) is linked to defendant's motion for a new trial (Dkt. # 434) because the discovery motion seeks evidence to support the motion for a new trial.

Defendant seeks three types of evidence: (1) the Hannah Love Facebook page records, data, and original screenshot, (2) the name and location of certain wireless networks accessed by H.S.'s iPod, and (3) evidence allegedly probative of the lack of credibility of certain government witnesses. Defendant asserts that he is entitled to this evidence because he requires it for his motion for a new trial and because the government's *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), obligations continue post-trial. The government does not dispute that its *Brady* obligations continue until sentencing.[1] Defendant is nonetheless not entitled to discovery.

"The Fifth Amendment's Due Process Clause requires the government to produce exculpatory information to the defense." *United States v. Mazzarella*, 784 F.3d 532, 538 (9th Cir. 2015) (citing *Brady*, 373 U.S. at 86-87). "This includes information that may be used to impeach prosecution witnesses." *Id.* (citing *Giglio*, 405 U.S. at 152-54). "A prosecutor has a duty under *Brady* to learn of and disclose evidence known to others acting on the government's behalf, including the police." *Id.* (citing *Kyles v. Whitley*, 514 U.S. 419, 432 (1995)). "In the post-trial context, a *Brady* violation has three components: (1) the information must be favorable to the defense; (2) it must not have been disclosed by the government before or at trial; and (3) there must have been resulting prejudice." *Id.* (citing *United States v. Wilkes*, 662 F.3d 524, 535 (9th Cir. 2011)). "Prejudice ensues 'if there is a reasonable probability that, had the

---

[1] Following the Ninth Circuit's vacatur of Counts One and Two, Defendant is scheduled to be resentenced on July 28, 2022. Dkt. # 441.

ORDER DENYING MOTION FOR NEW TRIAL OR
DISMISSAL OF INDICTMENT - 3

evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Id.* (quoting *United States v. Kohring*, 637 F.3d 895, 902 (9th Cir. 2011)).

First, defendant has shown no entitlement to the Hannah Love Facebook page materials. Defendant argues that the evidence would show that he believed H.S. to be an adult. However, H.S.'s age is relevant only to Counts One and Two, which the Ninth Circuit vacated. Accordingly, there was no prejudice, as defendant has already obtained his desired result. As discussed below, the Court rejects defendant's "spill-over" argument regarding the other Counts. To the extent defendant requests a screenshot, defendant does not deny that the government produced a screenshot pretrial. He takes issue with the image quality. Defendant claims that the image was "nearly impossible" to decipher. Dkt. # 433 at 4. "Nearly impossible" is not the same as impossible, particularly given that defense counsel actually used the Facebook page to cross-examine H.S. *See* Dkt. # 375 at 822. Finally, to the extent that defendant requests the records and data associated with the page, the government explains that these materials are not within its possession, control, or custody, and that defendant would need to ask Facebook. Dkt. # 437 at 3. While the "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case," *Kyles v. Whitley*, 514 U.S. 419, 437 (1995), there is no indication that Facebook was acting on the government's behalf in this case. The government therefore has no obligation to obtain these materials for defendant.

Second, defendant is likewise not entitled to the information regarding two wireless networks accessed by H.S.'s iPod. Again, there was no prejudice because this information goes only to vacated Counts One and Two. Likewise, the government asserts this information is not in its possession, control, or custody, Dkt. # 437 at 4, and there is no reason to believe that the government is required to gather it for defendant. The government also asserts, and defendant does not rebut, that defendant had access to H.S.'s iPod well in advance of trial. Dkt. # 437 at 4. The root of this evidence was therefore disclosed pretrial. The Court also notes that defendant appears to already have this evidence. According to his motion for a new trial, one of the two wireless networks corresponds to the Seattle Public Library located at 23rd Avenue and East

ORDER DENYING MOTION FOR NEW TRIAL OR
DISMISSAL OF INDICTMENT - 4

Yesler Street, and the other network corresponds to the Extended Stay Hotel in Kent on Central Avenue. *See* Dkt. # 434 at 11.  It is therefore unclear what additional evidence he seeks.

Third, defendant is not at this stage entitled to the evidence allegedly probative of the lack of credibility of certain government witnesses.  Even assuming, *arguendo*, that these are *Brady* materials, their production would be futile in context.  As discussed below, a defendant moving for a new trial on the ground of newly discovered evidence must establish certain elements.  One of these elements is that the evidence may not be "merely impeaching." *United States v. King*, 735 F.3d 1098, 1108 (9th Cir. 2013); Fed. R. Crim. P. 33(b).  Defendant seeks materials going to witness credibility.  Attacking a witness' credibility is equivalent to impeaching that witness. *Accord* Fed. R. Evid. 607.  These materials, therefore, could not entitle defendant to a new trial, and the Court will not order their production for this purpose.

V. **Motion to Dismiss Indictment or, in the Alternative, for a New Trial**

As a threshold matter, the Court notes that defendant submitted his instant motion without including the vast majority of the evidence cited throughout, including that which he indicates is in his possession.  Defendant cited much of the evidence only by Bates number.  Bates numbered production is between the parties, while the docket is the domain of the Court.  "Citations to documents already in the record, including declarations, exhibits, and any documents previously filed, must include a citation to the docket number and the page number (*e.g.*, Dkt. # __ at p. __)." Local Rules W.D. Wash. LCR 10(e)(6); *see also* Local Rules W.D. Wash. CrR 1(a) (indicating that LCR 10 applies to criminal matters).  Defendant's citations were therefore inadequate under the local rules.  Due to this inadequacy, the Court was unable to locate and review the majority of the evidence.  However, the Court assumes, *arguendo*, for the purposes of this Order only, that the evidence supports the facts that defendant claims it does.

Defendant seeks relief in the form of (A) dismissal of the indictment, or, in the alternative, (B) a new trial.

### A. Dismissal of Indictment

Defendant's preferred form of relief is dismissal of the indictment.  Defendant argues that he is entitled to this relief because the government allowed critical witnesses to lie to the grand

ORDER DENYING MOTION FOR NEW TRIAL OR
DISMISSAL OF INDICTMENT - 5

jury in order to obtain the indictment.  However, even if defendant is correct regarding the government and witnesses' conduct, this relief is unavailable.  "[A] petit jury's verdict of guilty beyond a reasonable doubt establishes *a fortiori* that there was probable cause to charge, so grand jury error is rendered harmless by conviction."  *United States v. Navarro*, 608 F.3d 529, 540 (9th Cir. 2010); *see also United States v. Mechanik*, 475 U.S. 66, 70 (1986).  The petit jury returned a verdict of guilty on March 6, 2019.  Dkt. # 302.  Any errors in the indictment are therefore rendered harmless.  The Court denies defendant's request to dismiss the indictment.

### B.  New Trial

In the alternative, defendant moves the Court to order a new trial on Counts Three, Four, and Five.  The government argues that defendant's motion should be denied as untimely.  Pursuant to Federal Rule of Criminal Procedure 33(b):

> Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty . . . Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

Fed. R. Crim. P. 33(b)(1)-(2).  Rule 33's deadlines are "rigid," and must be enforced if timely raised by the government.  *Eberhart v. United States*, 546 U.S. 12, 13, 19 (2005).

Defendant's motion is undeniably untimely if not grounded on newly discovered evidence.  The jury delivered a guilty verdict on March 6, 2019.  Dkt. # 302.  Defendant filed the instant motion on March 5, 2022 – the final day before the three-year cutoff for a motion premised on newly discovered evidence, and years beyond the 14-day deadline for any other motion for a new trial.  Therefore, to the extent that defendant's motion is not properly grounded on newly discovered evidence, it must be denied.

Defendant points to the following arguments as grounded on newly discovered evidence:

1. Backpage ads disclosed to the defense post-trial in May 2019 could have shown that "A.M. testified falsely about never working for another pimp besides Mr. Taylor within the scope of the time frame of the Indictment." Dkt. # 434 at 5.

2. Police reports relating to L.C.'s arrests could have been used in cross-examination of L.C. and in closing arguments to argue that L.C. "could not be believed because of her

ORDER DENYING MOTION FOR NEW TRIAL OR
DISMISSAL OF INDICTMENT - 6

obvious problem with authority, her total disrespect to abide by the law and her history of dishonesty." *Id.* at 9. Defendant argues he was hampered by the government's production of only a print-out of charges. *Id.*

3. SCORE jail records indicating that defendant "was detained at SCORE jail from October 16, 2015 to October 27, 2015 for unsupervised probation violations related to traffic violations" rather than anything relating to D.K. and that defendant was in custody with no bail could have been used to impeach D.K.'s testimony that she was scared of defendant and thought he would kill her, that she only answered his calls because he had mind control over her, that defendant was in jail on October 18, 2015 for assaulting her, and that D.K. had to go on dates to raise cash to post bail for defendant. *Id.* at 17.

4. Defendant's independent forensic extraction expert's conclusion that defendant's Galaxy S5 and Galaxy S6 cell phone devices did not show any activity related to posting Backpage ads on May 31, 2015, March 13, 2016, March 25, 2016, and April 26, 2016 could have shown that D.K. mislead the jury when she testified that defendant posted her Backpage ads, "when in reality D.K. willingly escorted for Mr. Taylor and posted her own Backpage ads." *Id.* at 18.

Defendant also argues that the government withheld the following evidence, and therefore the Court should consider the related arguments as grounded on newly discovered evidence:[2]

5. Emails between A.M. and an inmate, which could have shown that A.M.'s testimony that "she had never worked for a pimp other than Mr. Taylor" was a lie and that the government was aware it was a lie. *Id.* at 4.

6. A clear screenshot of the Hannah Love Facebook page portraying minor victim H.S. as a 21-year-old adult, which could have been used to show that defendant believed she was not a minor. While defendant does not dispute that the government produced a screenshot of the page, he argues that this screenshot was in black and white and of poor quality. *Id.* at 5-7.

---

[2] For the sake of economy, the Court does not list duplicative arguments here.

ORDER DENYING MOTION FOR NEW TRIAL OR
DISMISSAL OF INDICTMENT - 7

7. Unspecified information regarding restitution, which defendant argues should have been disclosed pretrial rather than prior to the restitution hearing so that defendant could have utilized it to cross-examine witnesses at trial. *Id.* at 7.

8. Police report relating to A.M.'s arrest, which defendant could have used as impeachment evidence. *Id.* at 8.

9. Evidence regarding H.S.'s iPod and trip to the library, which defendant could have used as impeachment evidence. *Id.* at 10-13.

10. Evidence that the government provided D.K. a letter confirming that she was a victim of sex trafficking to be used in her housing search, which defendant could have used to impeach D.K.'s testimony that the government provided her with no benefit in return for her testimony and cooperation. *Id.* at 13-16.

11. Evidence that T.T., not D.K., bailed defendant out of SCORE jail on April 27, 2016, which could have been used to impeach D.K.'s testimony that she feared for her life and felt she had no choice but to bail defendant out of jail, among other testimony. *Id.* at 15-16.

To qualify for a new trial on the ground of newly discovered evidence, defendant must establish five elements: "(1) the evidence is newly discovered; (2) the defendant was diligent in seeking the evidence; (3) the evidence is material to the issues at trial; (4) the evidence is not (a) cumulative or (b) merely impeaching; and (5) the evidence indicates the defendant would probably be acquitted in a new trial." *King*, 735 F.3d at 1108 (quoting *United States v. Berry*, 624 F.3d 1031, 1042 (9th Cir. 2010)).

With the exception of one item – the Hannah Love Facebook page – every item listed above is, by defendant's own argument, merely impeaching evidence. Even if this evidence met every other element articulated above (which it does not – much of it fails to satisfy even a single element), it is therefore insufficient to obtain defendant a new trial.

The Hannah Love Facebook page is simply not newly discovered evidence. Defense counsel used the Hannah Love Facebook page to cross-examine H.S. at trial. *See* Dkt. # 375 at 822. With this context, defendant's claim that the evidence was functionally withheld due to the image quality is beyond belief. Finally, there is no way that this evidence could change the

ORDER DENYING MOTION FOR NEW TRIAL OR
DISMISSAL OF INDICTMENT - 8

result at this time. The Ninth Circuit has already vacated Counts One and Two, which are the only Counts reliant on defendant's perception of H.S.'s age. The Court rejects defendant's argument that the government relied on an improper spill-over effect from Counts One and Two to obtain a conviction on Counts Three, Four, and Five. Juries are presumed to follow instructions. *See Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

Defendant's motion is entirely devoid of a meritorious argument that he is entitled to a new trial on the ground of newly discovered evidence. The Court therefore declines to order a new trial.

## VI. Conclusion

For all of the foregoing reasons, IT IS HEREBY ORDERED:

1. Defendant's Request to Treat Rule 33 Motion as Newly Discovered Evidence Motion Under Fed. Rules of Criminal Procedure 33(b)(2) not (b)(1) (Dkt. # 424) is STRICKEN.
2. Defendant's Motion for Order Requiring Production of Specific Evidence (Dkt. # 433) is DENIED.
3. Defendant's Amended Motion to Dismiss Indictment or, in the Alternative, for a New Trial (Dkt. # 434) is DENIED.
4. Defendant's Motion for Order Authorizing Filing of Overlength Brief (Dkt. # 435) is GRANTED.

DATED this 31st day of May, 2022.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR NEW TRIAL OR
DISMISSAL OF INDICTMENT - 9