UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AUBREY TAYLOR,<br><br>Defendant. | Case No. CR16-300-RSL<br><br>ORDER DENYING MOTION<br>TO CONTINUE<br>SENTENCING DATE |

This matter comes before the Court on defendant's "Motion for Order Continuing Sentencing Date" (Dkt. # 449). Having considered the submissions of the parties and the remainder of the record, the Court finds as follows:

On March 6, 2019, a jury convicted defendant of one count of conspiracy to engage in sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1) and 1594(c) (Count One); one count of sex trafficking of a minor through force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a)(1), (b)(1), and (b)(2) (Count Two); and three counts of sex trafficking of an adult by force, fraud, or coercion in violation of 18 U.S.C. § 1591(a)(1) and (b)(1) (Counts Three, Four, and Five). Dkt. # 302. On May 21, 2019, the Court sentenced defendant to 276 months of imprisonment and 15 years of supervised release. Dkt. # 331.

On November 4, 2020, the Ninth Circuit vacated defendant's convictions on Counts One and Two and remanded to this Court for resentencing. See United States v. Taylor, 828 F. App'x 491, 492 (9th Cir. 2020). The mandate issued on November 27, 2020. Dkt. # 419. Due to the COVID-19 pandemic and at the request of counsel, the resentencing hearing was initially

set for December 9, 2021.  Dkt. # 428.  The resentencing hearing has now been continued six times to its current date of August 18, 2022.  Dkts. # 430, # 431, # 436, # 441, # 447.

Defendant moves the Court to again delay his resentencing.  Defendant has been in the Special Housing Unit (SHU) at the SeaTac Federal Detention Center (FDC) for approximately four months and is scheduled to remain there until early September 2022.  Defendant requests a continuance until after his release from the SHU on the grounds that once returned to general population he will (1) regain access to his legal materials, and (2) be able to meet with his counsel in person to complete preparation for resentencing.  See Dkt. # 449 at 1-2.

The Court declines to grant defendant's request.  Even excluding the four months he has spent in the SHU, defendant has had well over a year to prepare for his resentencing.  As to defendant's concerns regarding access to his legal materials, the government's evidence shows that the Bureau of Prisons has formulated a plan in consultation with defendant to allow him access to these materials.  See Dkt. # 451-1 (email from Danielle Rogowski, Attorney Advisor, U.S. Department of Justice, Federal Bureau of Prisons, FDC SeaTac Consolidated Legal Center).  As to defendant's concerns regarding consultation with counsel, the FDC allows defendant to communicate with his counsel via video monitor while in the SHU.  See id.  Defendant's concerns are therefore insufficient to merit further delay of his resentencing.  The victims and their families deserve the finality that resentencing will bring, and the Court will not make them wait any longer.

For all of the foregoing reasons, IT IS HEREBY ORDERED that defendant's motion (Dkt. # 449) is DENIED.

DATED this 15th day of August, 2022.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO CONTINUE
SENTENCING DATE - 2