UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AUBREY TAYLOR,<br><br>   Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent. | Case No. C23-1116RSL<br><br>ORDER DISMISSING PETITIONER'S § 2255 MOTION WITHOUT PREJUDICE |

This matter comes before the Court on petitioner Aubrey Taylor's pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Dkt. # 1. The Court, having considered the submissions of the parties and the remainder of the record, finds as follows:

**I.      Background**

On March 6, 2019, following an eight day trial, a jury found Taylor guilty of one count of Conspiracy to Engage in Sex Trafficking of a Minor (victim H.S.), in violation of 18 U.S.C. §§ 1591(a)(1) and (c), and 1594(c) (Count One); one count of Sex Trafficking of a Minor through Force, Fraud, or Coercion (victim H.S.), in violation of 18 U.S.C. §1591(a)(1), (b)(1), (b)(2), and (c) (Count Two); and three counts of Sex Trafficking through Force, Fraud, and Coercion (victims A.M., D.K., and L.C.), in violation of 18 U.S.C. §1591(a)(1) and (b)(1) (Counts Three, Four, and Five). *See United States v. Taylor*, No. CR16-300RSL, Dkts. # 299, 302.

On May 21, 2019, the Court sentenced Taylor to a custodial term of 276 months and fifteen years of supervised release. *Id.* at Dkt. # 331. On July 18, 2019, the Court held a

ORDER DISMISSING PETITIONER'S § 2255
MOTION WITHOUT PREJUDICE - 1

restitution hearing and modified the judgment to include a restitution award of $351,848 to Taylor's victims. *See id.* at Dkt. # 350.

Taylor filed two appeals, *see id.* at Dkts. # 332, 351, which were consolidated by the Ninth Circuit, *see United States v. Taylor*, No. 19-30105, at Dkt. # 9. Reviewing Taylor's convictions on appeal, the Ninth Circuit affirmed the convictions for Counts Three, Four, and Five, but reversed on Counts One and Two. *Id.* at Dkt. # 65. The appellate court concluded that the "district court incorrectly denied Defendant's motion to suppress" the contents of Taylor's cell phone as "the government's 14-month delay in obtaining a warrant to search the phone was unjustifiably long and constitutionally unreasonable." *Id.* at 2. Because the government relied on a text message from the phone in question to demonstrate that Taylor "knew or recklessly disregarded H.S.'s age" and other "evidence supporting Defendant's knowledge or reckless disregard of H.S.'s age was fairly weak," the Ninth Circuit concluded that the failure to suppress was "not harmless beyond a reasonable doubt as to Counts One and Two" and that reversal on those counts was "required." *Id.* at 2-3. The case was remanded for resentencing. *Id.* at 4.

On August 18, 2022, the Court held a re-sentencing hearing and imposed a 276-month custodial sentence and fifteen years of supervised release. *See United States v. Taylor*, No. CR16-300RSL, Dkt. # 461. A restitution award of $348,848 was also imposed. *Id.* at 7.

On August 31, 2022, Taylor filed another notice of appeal. *Id.* at Dkt. # 462. In this appeal, Taylor argues that the district court committed several errors during his resentencing hearing. *See United States v. Taylor*, No. 22-30147, Dkt. # 9 (opening brief).[1] Specifically, Taylor argues that (1) the district court erred by "not providing a de novo resentencing and by not considering or resolving issues raised by the defense"; (2) the district court "violated Federal Rule of Criminal Procedure 32(i)(3)(B) by failing to consider or resolve [d]efendant's objections to the Presentence Report"; (3) the district court erred "by not addressing or resolving

---

[1] In his § 2255 petition, Taylor states that the appeal pending in the Ninth Circuit is an appeal of his Federal Rule of Criminal Procedure Rule 33 motion. *See* Dkt. # 1 at 3, 11, 13. However, the opening brief of the appeal addresses only purported errors in the resentencing hearing. *See United States v. Taylor*, No. 22-30147, Dkt. # 9.

ORDER DISMISSING PETITIONER'S § 2255
MOTION WITHOUT PREJUDICE - 2

[d]efendant's contentions regarding the 18 U.S.C. § 3553(a) factors"; (4) the district court erred "by not providing an explanation for how it calculated the sentencing guidelines or for the basis for the sentence it imposed"; and (5) defendant was "deprived of his due process right to be sentenced by an unbiased and impartial judge." *Id.* at 8. This latest appeal is currently pending before the Ninth Circuit. *See id.* at Dkt. # 48 (case argued and submitted on September 15, 2023).

Petitioner filed his § 2255 motion to vacate on July 24, 2023. *See* Dkt. # 1. Taylor's petition argues that both his trial counsel, Michael G. Martin, and his former appellate counsel, Lynn Hartfield, provided ineffective assistance of counsel. *Id.* In the motion, Taylor explains that he filed the instant motion as a "placeholder." Dkt. # 1 at 1, 11, 13. A motion by a federal prisoner for post conviction relief under 28 U.S.C. § 2255 is subject to a one-year statute of limitation. 28 U.S.C. § 2255(f). This one-year limitation period runs from the latest of the following four events: (1) the date the judgment of conviction becomes final; (2) the date a government-created impediment to filing is removed; (3) the date the right asserted is initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) the date the facts supporting the claims become discoverable. 28 U.S.C. § 2255(f)(1)-(4). Taylor contends that "the law is not settled in this circuit as to whether the AEDPA one-year statutory time clock begins to run from the date of the resentencing, August 18, 2022, or when final disposition from the Ninth Circuit" resolving Taylor's appeal is issued. Dkt. # 1 at 13. Accordingly, Taylor filed "the instant motion to vacate, set aside, or correct sentence . . . as a 'place-holder' motion to secure the one-year time limitation under AEDPA." *Id.*

On September 13, 2023, the government submitted a response asking the Court to stay Taylor's motion "pending resolution of his direct appeal." Dkt. # 5 at 1.

## II. Analysis

### A. Collateral Proceedings Generally Not Permitted While Direct Appeal Is Pending

ORDER DISMISSING PETITIONER'S § 2255
MOTION WITHOUT PREJUDICE - 3

The Court first addresses the impact of Taylor's pending direct appeal on the instant motion for relief under § 2255. "Generally, the noting of such an appeal severely restricts the filing of a collateral claim with the District Court, to avoid any anomaly associated with the simultaneous consideration of the same case by two courts." *United States v. Taylor*, 648 F.2d 565, 572 (9th Cir. 1981) (citations omitted); *see also Feldman v. Henman,* 815 F.2d 1318, 1320 (9th Cir. 1987) (explaining that a district court generally "should not entertain a habeas corpus petition while there is an appeal pending in [the Ninth Circuit]"). Instead, "[t]he usual practice is to make a collateral assertion of error subsequent to the date of decision in the direct appeal. When this path is followed the risk of duplicitous and conflicting judicial administration is minimized, inasmuch as the disposition of the direct appeal may render the motion moot." *Taylor*, 648 F.2d at 572 (citations omitted); *see also Black v. United States*, 269 F.2d 38, 41 (9th Cir. 1959) ("[A] section 2255 motion to vacate sentence . . . may not be entertained if there is a pending appeal in good standing, since disposition of the appeal may render the motion unnecessary."); *United States v. Pirro*, 104 F.3d 297, 300 (9th Cir. 1997).

The Ninth Circuit has recognized that there is uncertainty, however, as to:

> whether this rule reflects a jurisdictional bar or simply a prudential concern. *Compare Feldman*, 815 F.2d at 1323 (dismissing defendant's premature habeas petition "because the district court lacked subject matter jurisdiction to entertain[the] petition") *with Pirro*, 104 F.3d at 299 (noting that this rule was created "for reasons of judicial economy") and Rules Governing § 2255 Proceedings for the United States District Courts, Rule 5, Adv. Comm. Notes ("We are of the view that there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal but that the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances.").

*United States v. LaFromboise*, 427 F.3d 680, 686 n.9 (9th Cir. 2005). The Court has further noted that it "need not resolve this discrepancy, however, because the district court should refrain from hearing [petitioner's] § 2255 motion until after he exhausts his direct appellate review rights under either theory." *Id.*

Even those Ninth Circuit opinions that have recognized this practice as a "rule of forbearance," rather than a "jurisdictional impediment," have cautioned that "[t]he District Court

ORDER DISMISSING PETITIONER'S § 2255
MOTION WITHOUT PREJUDICE - 4

may entertain a collateral motion during the pendency of a direct appeal [only] if 'extraordinary circumstances' outweigh the considerations of administrative convenience and judicial economy." *Taylor*, 648 F.2d at 572 (citing *Jack v. United States*, 435 F.2d 317, 318 (9th Cir. 1970) (per curiam)). For example, in *Taylor*, the Ninth Circuit found "extraordinary circumstances" existed where the claim raised in the collateral proceeding "directly and seriously implicate[d] [the appellate court's] decision in [defendant's] direct appeal." *Id.* The burden of demonstrating "extraordinary circumstances" lies with the petitioner. *Id.*

Here, the Court concludes that there are no "extraordinary circumstances" that would require the Court to ignore the typical practice of forbearance and entertain Taylor's § 2255 petition while his direct appeal is pending. The issues raised in Taylor's § 2255 motion all deal with ineffective assistance of counsel – both at trial and during his first appeal – and thus do not "directly and seriously implicate" the Ninth Circuit's decision in his pending direct appeal, which focuses only on alleged errors during resentencing. Taylor has offered no argument to the Court that his § 2255 petition must be heard alongside his pending appeal, and in fact seems to contemplate that his § 2255 motion likely will not be heard until after his appeal is finalized. *See* Dkt. # 1 at 1, 11, 13 (referencing the instant § 2255 petition as a "placeholder motion"). Accordingly, the Court declines to hear Taylor's § 2255 petition while his direct appeal is pending.

### B. Dismissal of § 2255 Motion

Having determined that it will not entertain Taylor's petition until after his direct appeal has concluded, the Court must now determine whether to stay or dismiss Taylor's § 2255 motion. "The usual rule is that a collateral petition should be dismissed if a direct appeal is pending contemporaneously." *Brooks v. United States*, 927 F.2d 608 (9th Cir. 1991); *see also United States v. Deeb*, 944 F.2d 545, 548 (9th Cir. 1991) (affirming district court's dismissal of defendant's § 2255 petition without prejudice in light of his pending direct appeal); *LaFramboise*, 427 U.S. at 686 (remanding to district court with "instructions to dismiss [petitioner's] § 2255 motion without prejudice" as "direct appellate review" had not yet been

ORDER DISMISSING PETITIONER'S § 2255
MOTION WITHOUT PREJUDICE - 5

exhausted); *Jack*, 435 U.S. at 318 (noting that a § 2255 petition brought while direct review was pending was "subject to dismissal").

A dismissal without prejudice removes from the Court's docket a temporarily inactive case but does not impede Taylor's future recourse to § 2255 remedies. *See United States v. Darling*, No. CR04-250FCD-EFB, 2006 WL 2686965, at *2 (E.D. Cal. Sept. 19, 2006). If the Ninth Circuit affirms the sentence imposed at resentencing, the remedies available under § 2255 will still be available. The limitation period within which a § 2255 petition must be filed has not yet commenced. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (for purposes of § 2255 a federal criminal conviction is final "when the time expires for filing a petition for certiorari [in the United States Supreme Court] contesting the appellate court's affirmation of the conviction"); *United States v. Colvin*, 204 F.3d 1221, 1225 (9th Cir. 2000) (In "cases in which we either partially or wholly reverse a defendant's conviction or sentence, or both, and expressly remand to the district court . . . , the judgment does not become final, and the [§ 2255] statute of limitations does not begin to run, until the district court has entered an amended judgment and the time for appealing that judgment has passed"). Thus, "there is no need for use of the stay-abeyance procedure employed for § 2254 motions raising certain unexhausted claims." *Darling*, 2006 WL 2686965, at *2. Furthermore, this Court's dismissal does not adjudicate the merits. *See Sanders v. United States*, 373 U.S. 1, 16 (1963) (explaining that "adjudication on the merits" occurs where factual issues raised in the motion were denied either "on the basis that the files and records conclusively resolved these issues" or after "an evidentiary hearing was held"); *LaFramboise*, 427 F.3d at 686 n.10 (explaining that where § 2255 petition was dismissed without prejudice because the underlying conviction was not yet final, "any subsequent § 2255 motion [petitioner] may file would not be a successive motion").

Here, the government has asked the Court to stay the case, but has not provided an explanation as to why a stay, rather than a dismissal without prejudice, is appropriate. *See* Dkt. # 5. Having reviewed the record and the relevant law, the Court concludes that nothing about this case justifies departing from Ninth Circuit precedent instructing that the § 2255 proceeding

ORDER DISMISSING PETITIONER'S § 2255
MOTION WITHOUT PREJUDICE - 6

should be dismissed without prejudice while the direct appeal is still pending. *LaFramboise*, 427 F.3d at 686; *Deeb*, 944 F.2d at 548.

### III.    Conclusion

For all the foregoing reasons, petitioner's § 2255 motion to vacate, set aside, or correct his sentence (Dkt. # 1) is DISMISSED without prejudice.

As petitioner cannot show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," a certificate of appealability is DENIED. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 25th day of September, 2023.

Robert S. Lasnik
United States District Judge

ORDER DISMISSING PETITIONER'S § 2255
MOTION WITHOUT PREJUDICE - 7